IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STANLEY HASTINGS, JR.**                                                                                          **PLAINTIFF**

v.                               Case No. 4:22-cv-00498 KGB

**SELECTQUOTE INSURANCE
SERVICES,** *et al.*                                                                                                     **DEFENDANTS**

## ORDER

Before the Court is plaintiff Stanley Hastings, Jr.'s motion to compel discovery (Dkt. No. 29). Defendant SelectQuote Insurance Services, Inc ("SelectQuote") filed a response, now amended, and Mr. Hastings filed a reply to SelectQuote's amended response (Dkt. Nos. 45; 53). For the reasons stated below, the Court grants in part and denies in part Mr. Hastings's motion.

**I.      Background**

Mr. Hastings alleges that SelectQuote violated that Telephone Consumer Protection Act ("TCPA") by making or commissioning automated telemarketing calls for the purpose of promoting their goods and services without his prior consent (Dkt. No. 2, ¶ 2). SelectQuote contracts with third-party vendors which operate call centers and make calls to consumers (Dkt. No. 30, at 2, 3). At the hearing on this motion, counsel for SelectQuote clarified that only some of these calls are then transferred to SelectQuote proper.

SelectQuote responded to Mr. Hastings's first and second sets of discovery requests on October 28, 2022, and March 31, 2023, respectively (Dkt. No. 29, ¶¶ 2, 4). In these responses SelectQuote denied the existence of telemarketing scripts and identified one employee—Jeff Randolph—as involved in review of telemarketing scripts and TCPA compliance (*Id.*, ¶¶ 2, 3; 30, at 5).

Sometime during March 2021, Mr. Hastings's counsel discovered what Mr. Hastings characterizes as internal SelectQuote communications available publicly on Trello.com (Dkt. No. 53, at 8). Trello is an online collaboration tool that allows users to post "cards" to an organizing page called a "board" that is shared between different users (Dkt. No. 30, at 3). The publicly available part of SelectQuote's Trello board included only a few months of information, but what was visible to Mr. Hastings's counsel included scripts to be read to consumers and scripts to be read to a SelectQuote agent when transferring calls (*Id.*, at 4). The discussions between SelectQuote employees on Trello used the word script to describe these documents (Dkt. Nos. 30, at 8-9; 29-3, at 1).

Mr. Hastings deposed Mr. Randolph on June 14, 2023 (Dkt. No. 30, at 5). At the deposition it became clear that SelectQuote and Mr. Randolph disagreed with the definition of the word "script." (*Id.*, at 6). Mr. Randolph claimed not to believe that documents made up of written statements and questions intended to be read over the phone by an employee or third party were scripts (*Id.*). Mr. Randolph also testified that he had been instructed by counsel not to review Trello or any documents not already produced by the parties before the deposition (Dkt. Nos. 30, at 5, 6; 53, at 9).

The day after the deposition, on June 15, 2023, Mr. Hastings counsel sent a letter to counsel for SelectQuote explaining that they believed Mr. Randolph was not prepared for his deposition and requesting additional responses to Mr. Hastings's previous requests for production (Dkt. No. 53-1). Multiple email exchanges and phone conversations between counsel debating these points ensued throughout June and July 2023 (*Id.*, at 11).

On June 30, 2023, 15 days after the deposition, SelectQuote supplemented its production (Dkt. No. 45, at 3). These documents were produced by attorney Michael P. Schuette, who

subsequently left the firm representing SelectQuote (Dkt. No. 53-2, at 2). This production was composed of email communications and did not contain any Trello documents (Dkt. No. 45, at 1 n.1). SelectQuote describes this production as "the relevant scripts in its possession or control used by the vendors that made calls and transferred the calls to SelectQuote." (*Id.*, at 3). Counsel for SelectQuote clarified at the hearing that these documents were found using six different search terms applied to email communications with two of SelectQuote's vendors. At the hearing it became clear that counsel disputed the extent of the agreement between the parties on these search parameters. Counsel for SelectQuote maintained that these search terms were agreed to by all counsel. Counsel for Mr. Hastings stated that they agreed to these search parameters long before the production of documents in which the parameters were used, that they had understood the agreement on these search parameters to be an initial starting point for discovery, that they objected to being constrained by and limited to only these search terms, and that they had conveyed this objection many times to counsel for SelectQuote.

On July 17, 2023, new counsel for SelectQuote joined the case (*Id.*, at 4). In an email exchange beginning on July 20, 2023, counsel for SelectQuote now promised counsel for Mr. Hastings that additional production would soon be forthcoming (Dkt. No. 53-2, at 3). When counsel for Mr. Hastings asked after this exchange why no additional production had occurred, counsel for SelectQuote stated that reviewing the additional production was taking longer than expected (*Id.*).

On July 31, 2023, Mr. Hastings filed a motion to compel SelectQuote to respond adequately to his first and second sets of discovery requests and to compel a second deposition of Mr. Randolph (Dkt. No. 29, at 1). In his brief in support of the motion, Mr. Hastings clarifies that the documents he seeks are "the requested scripts, correspondence, and compliance documents" (Dkt.

No. 30, at 9). Mr. Hastings also seeks for this Court to direct SelectQuote to pay fees and costs associated with this motion and with a second deposition (*Id.*, at 9).

On August 9, 2023, counsel for SelectQuote produced what they called "the only potentially relevant, nonprivileged communications between SelectQuote and its vendors." (Dkt. No. 45, at 4). It is unclear to the Court why this production was not included with the June 30, 2023, production, in which SelectQuote allegedly included "the relevant scripts in its possession or control used by the vendors that made calls and transferred the calls to SelectQuote." (*Id.*, at 3). This additional production was again composed of email communications and did not contain any Trello documents (*Id.*, at 1 n.1). In additional communications between counsel after August 9, 2023, the parties disputed whether this production was sufficient (*Id.*, at 4-5). During the hearing before this Court, counsel clarified that this production was again confined to the six search terms with two vendors discussed above, and counsel for Mr. Hastings again objected to production being confined to search terms they had understood to be only a starting point for discovery.

**II.   Analysis**

    **A.   Interrogatories And Requests For Production**

Mr. Hastings seeks to compel SelectQuote to respond adequately to his first and second sets of discovery requests (Dkt. No. 29, at 1). Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The proportionality analysis includes "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

SelectQuote argued during the hearing that the reason it did not produce any scripts until after the deposition of Mr. Randolph, and the reason any scripts are irrelevant and should not be discoverable, is because SelectQuote did not know what Mr. Hastings meant by the word "scripts" and because SelectQuote does not use scripts. When asked to clarify how SelectQuote refers to documents that appear to fit the colloquial usage of the word script, SelectQuote's counsel described them as "qualifying questions" and "question trees." When counsel for Mr. Hastings pointed out that internal SelectQuote discussions on the publicly available Trello page used the word script, SelectQuote's counsel responded that these were terms used by SelectQuote's vendors and not by SeletQuote itself. It strains plausibility beyond its breaking point to think that SelectQuote and its employees could understand what the word script refers to when coming from a vendor but not when coming from opposing counsel. The Court finds SelectQuote's arguments on this point unconvincing.

SelectQuote makes several more arguments against being compelled to produce additional documents. It argues that it should not have to produce any additional documents because between its June 30, 2023, and August 9, 2023, productions it has produced all relevant, responsive, nonprivileged documents in its possession or control (Dkt. No. 45, at 5). This is based on the claim that any additional production beyond the six keyword, two vendor parameters of the emails searched would be irrelevant because these were the only vendors that made calls to Mr. Hastings (*Id.*, at 5-6). However, as Mr. Hastings has argued in briefing and through counsel at the hearing, he believes that he was called by other vendors also operating on SelectQuote's behalf based on the similarity between the language used and the products sold during these other calls and the calls that SelectQuote has admitted were made on its behalf (Dkt. No. 53, at 7)). The requested scripts are potentially relevant evidence to determining whether additional calls came from

SelectQuote. Additionally, at the time this motion was argued, SelectQuote had produced only email communications and had not produced any of the relevant discussions about scripts or script related materials that it is undisputed are housed on Trello.

SelectQuote also references producing only nonprivileged documents, but it did not argue in briefing or during the hearing that the production Mr. Hastings seeks is privileged. The Court therefore does not consider any argument about privilege here. SelectQuote is reminded, as are all parties to this action, that withholding documents from a production based on a claim of privilege comes with a corresponding obligation under the Federal Rules to produce a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A)("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

SelectQuote next argues that producing scripts and other communications requested by Mr. Hastings would be overly burdensome (Dkt. No. 45, at 6-10). SelectQuote argues that searching Trello would be particularly burdensome because the platform's search function is rudimentary and does not allow keyword searches inside of attached documents (*Id.*, at 8). However, as counsel for Mr. Hastings argued during the hearing, the difficulties with Trello's rudimentary search function are not prohibitive because Trello users routinely used the word script outside of attachments, and these uses of the word are searchable. SelectQuote also argues that it would be simpler for Mr. Hastings to use his own records to discover who made the calls because he has access to the phone numbers that called him (*Id.*, at 9). However, as counsel for Mr. Hastings also

6

argued, the numbers that called him are faked local numbers leaving him no way of determining from whom the calls originated.

SelectQuote alludes in its briefing to the argument that its vendors are outside of its control as justification for failing to produce some documents related to them (*Id.*, at 3-7, 10). SelectQuote also noted this position during oral argument. The TCPA provides for vicarious liability for actions of a principle's agents (Dkt. No. 53, at 6). Documents that reveal SelectQuote's communication with vendors about scripts are relevant to the nature of the agency relationship between vendors and SelectQuote. In other words, these documents are relevant to determining whether in fact these vendors are outside of SelectQuote's control. SelectQuote's mere assertion at this stage of the litigation that such an agency relationship does not exist is insufficient to avoid producing documents relevant to opposing parties, and the Court, assessing the true nature of that relationship.

During the hearing, counsel for SelectQuote argued that Mr. Hastings's discovery requests are irrelevant because, to the extent that they are seeking to discover additional calls to plaintiff by SelectQuote, these requests go beyond the scope of the complaint. Perhaps SelectQuote makes this argument based on the Mr. Hastings's original complaint (Dkt. No. 1). However, Mr. Hastings's amended complaint, which the parties consented to his filing, lists numerous additional calls and texts for which Mr. Hastings believes SelectQuote is responsible and to which the requested scripts are relevant (Dkt. Nos. 56; 57 ¶¶ 29-92). The Court acknowledges that SelectQuote has a pending motion to dismiss this amended complaint, which the Court has under advisement (Dkt. No. 70).

During the hearing, counsel for SelectQuote also argued that, throughout the course of briefing and the hearing, Mr. Hastings has attempted to expand his request for documents beyond

7

the scope of the motion to compel. The Court understands counsel to be arguing that, while the motion itself requests responses to every part of Mr. Hastings's first and second sets of discovery requests, the scope of argument on the motion has been limited only to those requests that relate to scripts and that any decision by the Court should be similarly limited.

The arguments presented by Mr. Hastings are relevant to other issues in the litigation, not only to the scripts themselves. For example, discussions related to scripts and their compliance with the TCPA held between SelectQuote employees or between SelectQuote and its vendors are within the scope of the arguments made by Mr. Hastings.

However, the Court acknowledges that some of Mr. Hastings's discovery requests are quite broad and go beyond the scope of the arguments presented. For example, requests for the names of specific employees who made calls go beyond the scope of the arguments presented. The Court confines it Order to those parts of Mr. Hastings's first and second sets of discovery requests that the Court determines were addressed by the arguments presented in briefing and during the hearing.

The Court grants Mr. Hastings motion to compel responses to his discovery requests in part and directs SelectQuote to produce responses to the following requests, to the extent that the requested information has not already been produced in full: Interrogatory No. 10 from Mr. Hastings's First Set of Interrogatories; Requests 12, 13, 14, and 15 from Mr. Hastings's First Set of Requests for Production; and Requests 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 from Mr. Hastings's Second Set of Requests for Production (Dkt. No. 29-1). The Court denies without prejudice Mr. Hastings's motion to compel responses to the remaining questions in his first and second sets of discovery requests.

### B. Second Deposition

Mr. Hastings also seeks a second deposition of SelectQuote's corporate representative Jeff Randolph pursuant to Federal Rule of Civil Procedure 30(b)(6) (Dkt. No. 30, at 9). Mr. Hastings argues that this is necessary because Mr. Randolph was not properly prepared for the deposition (*Id.*, at 7). Mr. Randolph admitted to limiting his preparation for the deposition to material already produced by the parties and to not reviewing SelectQuote's Trello or knowing how to search it (*Id.*, at 9). As discussed in this Order, Mr. Randolph was not prepared to discuss SelectQuote's use of scripts because SelectQuote's position was that it did not know what plaintiff's counsel meant by the word script—a position this Court rejects for the reasons explained in this Order.

Federal Rule of Civil Procedure 30(b)(6) requires persons designated to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Mr. Randolph was not sufficiently prepared to testify because he did not prepare to discuss the use of scripts by SelectQuote or its vendors. The Court grants Mr. Hastings's motion to compel a second deposition of Mr. Randolph. The Court directs SelectQuote to prepare and produce Mr. Randolph for a second Federal Rule of Civil Procedure 30(b)(6) deposition at a date to be mutually agreed upon by counsel for the parties. Counsel for the parties are directed to meet and confer regarding the topics and scope of this second Rule 30(b)(6) deposition of Mr. Randolph to ensure that best efforts are made by all parties to resolve any ambiguities, misunderstandings, and disagreements prior to this second deposition. To the extent necessary, counsel should seek guidance from the Court in advance of the deposition to resolve any disputes.

### C. Sanctions

Mr. Hastings also moves for sanctions against SelectQuote in the form of fees and costs associated with a second deposition and with this motion (Dkt. No. 30, at 9). Federal Rule of Civil

9

Procedure 30(d)(2) permits a court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."  SelectQuote makes no argument opposing Mr. Hastings's motion for sanctions (Dkt. No. 45).  SelectQuote's position on the term "script" and its failure to prepare adequately its Rule 30(b)(6) representative for deposition have resulted in this Court granting Mr. Hastings's motion to compel.  At this time, the Court denies without prejudice Mr. Hastings's motion for sanctions against SelectQuote.  Mr. Hastings may renew and supplement this motion for sanctions, to the extent Mr. Hastings believes that is necessary, as discovery proceeds in this case.

### III. Conclusion

The Court grants in part Mr. Hastings's motion to compel responses to his discovery requests, granting the motion with regard to the discovery requests specified in this Order (Dkt. No. 29).  The Court denies without prejudice the motion to compel with regard to the remaining discovery requests not specifically identified in this Order (*Id.*).  The Court grants Mr. Hastings's motion to compel with regard to the second deposition of Mr. Randolph (*Id.*).  The Court denies at this time Mr. Hastings's request for sanctions (*Id.*).

It is so ordered this 31st day of March, 2024.

_____
Kristine G. Baker
Chief United States District Judge